IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENNETH H. RICHARDSON, ET AL. | § § § | |
| Plaintiffs, | § § | |
| VS. | § § | NO. 3-07-CV-2117-O |
| JUDGE JAMES E. ERWIN, ET AL. | § § § | |
| Defendants. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil rights action brought by Kenneth H. Richardson and his wife, Jennie Sue Richardson, against a Hunt County, Texas justice of the peace and an environmental enforcement officer. On December 19, 2007, plaintiffs tendered a complaint to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiffs in their pauper's affidavit indicates that they lack the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiffs in order to obtain additional information about the factual basis of this suit. Plaintiffs answered the interrogatories on January 7, 2008. The court now determines that this case should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

II.

Sometime in 2004, Jennie Sue Richardson was cited by Hunt County environmental authorities for keeping, storing, or accumulating rubbish or debris on her property and allowing tall grass or weeds to grow on the premises. When Jennie Sue failed to abate these conditions, she was charged with creating a public nuisance, a misdemeanor offense under Texas law.[1] A jury in Hunt County justice court convicted Jennie Sue of the charge and fined her $285.00. Nearly three years later, in July 2007, Jennie Sue was cited for similar violations. Jennie Sue and her husband, Kenneth, then filed suit in federal district court, alleging that the environmental enforcement officer trespassed on their property and violated certain unspecified constitutional rights. Plaintiffs further allege that the Hunt County justice of the peace violated their right to a fair trial by refusing to let Kenneth question the jury or represent his wife in the first trial. By this suit, plaintiffs seek $100,000.00 in damages from each defendant and an order enjoining the trial on the second public nuisance charge scheduled for January 8, 2008.

---

[1] Section 343.011 of the Texas Health and Safety Code defines a public nuisance as:

> (1) keeping, storing, or accumulating refuse on premises in a neighborhood unless the refuse is entirely contained in a closed receptacle;
>
> (2) keeping, storing, or accumulating rubbish . . ., on premises in a neighborhood or within 300 feet of a public street for 10 days or more, unless the rubbish or object is completely enclosed in a building or is not visible from a public street;
>
> (3) maintaining premises in a manner that creates an unsanitary condition likely to attract or harbor mosquitoes, rodents, vermin, or disease-carrying pests;
>
> (4) allowing weeds to grow on premises in a neighborhood if the weeds are located within 300 feet of another residence or commercial establishment[.]
>
> * * * *

TEX. HEALTH & SAFETY CODE ANN. § 343.011 (Vernon Supp. 2007). A violation of the statute is a misdemeanor punishable by a fine of not less than $50.00 or more than $200.00, plus court costs. *See id.* § 343.012(b). Each day a violation occurs is a separate offense. *See id.* § 343.012(d).

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

(1) is frivolous or malicious;

(2) fails to state a claim upon which relief can be granted; or

(3) seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989). In order to state a claim upon which relief can be granted, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). While a complaint does not need detailed factual allegations, the plaintiff must allege more than "labels," "conclusions," and "formulaic recitation[s] of the elements of a cause of action[.]" *See Twombly*, 127 S.Ct. at 1964-65. "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* at 1965. The court must accept all well-pleaded facts as true and view the allegations in the light most favorable to the plaintiff. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007), *pet. for cert. filed*, No. 07-713 (Nov. 26, 2007).

B.

Plaintiffs' claims for money damages are without an arguable basis in law. In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Supreme Court held that a party may not maintain a civil rights action based on the legality of a prior criminal proceeding unless a state court or federal habeas court has determined that the underlying conviction is invalid.

*Heck*, 114 S.Ct. at 2372; *see also Collins v. City of Hazelhurst*, 151 F.Supp.2d 749, 751 (S.D. Miss. 2001) (suggesting in dicta that *Heck* bars claim for damages in civil rights action brought by person convicted of violating a city ordinance prohibiting beer-permit holders from admitting minors to their establishments). The critical inquiry is whether a judgment in favor of the plaintiff in the civil action would "necessarily imply the invalidity of his conviction or sentence." *Heck*, 114 S.Ct. at 2372. If so, the claim is barred unless the conviction has been reversed or declared invalid. *Id.*; *Hainze v. Richards*, 207 F.3d 795, 798 (5th Cir.), *cert. denied*, 121 S.Ct. 384 (2000).

The gravamen of plaintiffs' complaint is that defendants violated their civil rights by prosecuting Jennie Sue Richardson for creating a public nuisance and prohibiting Kenneth Richardson from participating in the criminal trial. Such claims necessarily imply the invalidity of Jennie Sue's conviction. Plaintiffs concede that this conviction has never been reversed or declared invalid. (*See* Mag. J. Interrog. #4 & 5).[2] Consequently, plaintiffs cannot sue for money damages under 42 U.S.C. § 1983. *See, e.g. Beachum v. City of Dallas*, No. 3-06-CV-2203-R, 2007 WL 2071554 at *4 (N.D. Tex. Jul. 13, 2007) (claims of harassment, intimidation, and retaliation all barred on *Heck* grounds where such conduct was related to criminal prosecution); *Humiston v. Perry*, No. 3-02-CV-2710-D, 2003 WL 22251430 at *2 (N.D. Tex. Oct. 1, 2003) (same as to claims that criminal trial was unfair and jury was illegally impaneled); *Gilkey v. Graves*, No. 3-03-CV-0497-G, 2003 WL 21653858 at *1-2 (N.D. Tex. Apr. 9, 2003) (same as to claims against judge and others for conspiring to violate plaintiff's civil rights before and during criminal trial).

C.

Nor are plaintiffs entitled to an injunction prohibiting defendants from prosecuting Jennie Sue Richardson on a second public nuisance charge. First, the court has learned that this second trial

---

[2] In fact, plaintiffs admit that they never appealed the conviction as permitted by Texas law. (*See* Mag. J. Interrog. #4).

has now occurred, resulting in a conviction and a $200.00 fine. This moots plaintiffs' request for an injunction. *See Wade v. Jennings*, No. 6-07-CV-422, 2007 WL 4300471 at *2 (E.D. Tex. Dec. 5, 2007), citing *Deakins v. Monaghan*, 484 U.S. 193, 199, 108 S.Ct. 523, 528, 98 L.Ed.2d 529 (1988). Second, under the abstention doctrine, a federal court cannot enjoin a pending state criminal trial absent exceedingly rare circumstances. *Younger v. Harris*, 401 U.S. 37, 45-46, 91 S.Ct. 746, 751, 27 L.Ed.2d 669 (1971); *see also Wade*, 2007 WL 4300471 at *2. Plaintiffs have made no showing in their complaint or interrogatory answers that any such rare and exceptional circumstances exist. Because plaintiffs have failed to show why this court is not required to abstain under *Younger*, their claim for injunctive relief should be dismissed.

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 16, 2008.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE